WEAVER *et al. vs.* THORNTON, ordinary, for use.

1. Where the administrator of an estate was also the guardian of one of the distributees,·and in the latter capacity receipted to himself as administrator for a certain amount received from the estate, and made corresponding returns as guardian, and on the basis thereof the ordinary rendered a judgment finding the amount due by the guardian to the ward, such proceedings would be *prima facie* but not conclusive evidence of indebtedness as against the sureties, in an action on the guardian's bond.

2. The verdict being too large by $44.42, under the evidence, the judgment will be reversed unless that amount be written off.

Guardian and ward. Judgment. Principal and surety. Administrators and executors. Before Judge LAWSON. Greene Superior Court. March Term, 1879.

Reported in the decision.

M. W. LEWIS & SONS, for plaintiffs in error.

McWHORTER BROS., for defendant.

WARNER, Chief Justice.

This was a suit on a guardian's bond against the principal therein and his securities, alleging as a breach thereof the non-payment of the sum of $456.00, besides interest, found to be due the plaintiff by the judgment of the court of ordinary. On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiff for the sum of $503.00. A motion was made for a new trial

on the grounds therein stated, which was overruled, and the defendants excepted.

1. It appears from the evidence in the record that the plaintiff introduced the judgment of the court of ordinary. It also appeared that Alonzo C. Jackson, the principal in the bond, was the administrator on the estate of John S. Jackson, and that the plaintiff, Issac C. Jackson, was one of the distributees of his estate, and that Alonzo C. Jackson was his guardian. It further appears that on the 26th December, 1874, A. C. Jackson, as guardian, receipted himself as administrator, for the sum of $1300.00. The defendants introduced in evidence the returns of the guardian to the court of ordinary from which that court made the calculation when it rendered the judgment against him. The defendants also proved by the guardian himself, that no property of any kind passed into his hands about the time the receipt was given, but it was given in order to wind up the estate and release the securities on his administration bond. The court charged the jury, amongst other things, " that if they believed from the evidence that Alonzo C. Jackson, as guardian of Isaac M. Jackson, receipted himself as administrator for any amount and charged himself with the same in his annual returns to the ordinary, then he must be charged with such amount as cash, and the securities on his guardian's bond are estopped from proving that no property of any kind passed into his hands when such receipts were given, the securities as well as the guardian being bound by the receipts, whether any property passed or not." The court further charged the jury " to examine the returns made by A. C. Jackson as guardian, and decide from these returns whether or not the guardian or his securities are liable, and to ascertain from the ordinary's calculation, or from the returns, whether or not the ordinary's estimate of the sum due is correct, and if not, to rectify the same." The judgment of the ordinary based on the guardian's returns was only *prima facie* evidence as against the securities, and hence the first part of the charge was too strong

upon that point, but when taken in connection with the latter part of it, we perceive no material error, in view of the evidence in the record.   There is no evidence that there was nothing due from the administrator for which the guardian receipted.   That was not what the securities attempted to prove.   When A. C. Jackson, as guardian, receipted himself as A. C. Jackson, administrator, for the sum of $1300.00, that was such an act on his part, the legal effect of which was to transfer that amount from his hands as administrator into his hands as guardian, and he was properly chargeable with that amount as guardian, whether any property passed into his hands at that time or not.   He had it already in his hands in the character of administrator, and he receipted for it as guardian, and his securities as such guardian are *prima facie* liable for it on their bond, and there is no evidence in the record to rebut that *prima facie* liability, and therefore the guardian and his securities were legally bound to account for it.

2. It appears, however, from the guardian's returns, that he is entitled to a credit of $1044.42 for cash paid his ward in January, 1876, and the ordinary only allowed him a credit for $1,000.00 in the settlement of his accounts for which the judgment was rendered. . The judgment of the court below is therefore reversed, unless the plaintiff shall consent to write off from the verdict the sum of $44.42; and in the event of his doing so, then the judgment of the court below to stand affirmed.

Judgment reversed on terms.